## SHERIFF'S POUNDAGE IN PARTITION SUITS.

Common Pleas Court of Franklin County.

RUGGLES v. BINGHAM ET AL.

Decided, May 19, 1913.

*Partition—Sheriff not Entitled to Poundage, When—Construction of Section 2845 as Amended.*

A sheriff is entitled to poundage, in a partition proceeding, only on the money actually coming into his hands.

The action in this case was in partition, and the purchasers at the request of counsel for the plaintiff paid the heirs the purchase money direct and for the deferred payments executed their notes to the heirs secured by mortgage on the property purchased. No money was distributed by the sheriff or paid into his hands. Poundage was nevertheless claimed by the sheriff, and the question of his right thereto was raised by a motion filed by counsel for the plaintiff to retax costs.

BIGGER, J.

In my opinion the sheriff is only entitled to poundage on the amount of money actually paid into his hands. Judge Crew in the case of *Major* v. *Coal Company*, 76 O. S., 200, at page 209, speaking of the purpose for which poundage is allowed, says it is allowed "as a compensation to the sheriff for the risk incurred in handling and disbursing money actually received by him in his official capacity."

The statute relating to the compensation of sheriffs was amended by an act passed May 31, 1911 (102 O. L., page 277). This act repealed Section 2845 of the General Code. Section 2845, prior to its repeal and amendment by the act of May 31, 1911, on the subject of poundage, provided as follows:

"Poundage on all moneys actually made and paid to the sheriff on execution, decree or sale of real estate, except on writs for the sale of real estate in partition, 1½ per cent. on the first thousand dollars, and 1 per cent. on all sums over one thousand

dollars; but when such real estate is bid off and purchased by a party entitled to a part of the proceeds, the sheriff shall not be entitled to any poundage, except on the amount over and above the claim of such party;  *  *  *  selling real estate under an order of the court in partition, three-fourths of one per cent. where the amount of sales does not exceed two thousand dollars, and one-fourth of one per cent. on the amount over and above the sum."

It will be observed that a somewhat radical change was made by the amendment of the statute. Prior to the amendment the sheriff's fees for selling real estate on an order of the court in partition was not poundage at all. It was expressly excepted from the provisions of the statute relating to poundage under the statute as it stood before amendment. The sheriff was given a smaller amount as compensation for making the sale. That provision was eliminated by the amendment and the sheriff is now allowed poundage only for making such sales, and the object and purpose of allowing poundage must have been within the legislative contemplation in making the change, i. e., compensation for the risk incurred in handling and disbursing money. That risk is, of course, not incurred if the sheriff is not called upon to handle and disburse the money. The language of the statute as it now stands provides that the sheriff shall be allowed the percentage therein provided on money "coming into his hands." This was not the provision of the statute before amendment. Under the statute as it stood before amendment, he was allowed the amount therein provided for making the sale, and it did not depend upon the money coming into his hands. The court can not disregard this change in the statute, but must give it effect. I think the language, "coming into his hands," is the same in effect as the language "actually made and paid" applying to other sales than those in partition. In the statute as amended in my opinion the exception has reference to the amount to be paid the sheriff, which is different in sales in partition from other judicial sales.

There is nothing to prevent parties doing what they did in this case, and if the parties have given their receipts for the pay-

ment of the money and no question arises as to their genuineness the sheriff in my opinion should receive them in lieu of the receipt in disbursement of the money and that he is only entitled to poundage on the actual amount of money coming into his hands.